IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA STALLWORTH,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **TOPGOLF,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **DEFENDANT(S).** | ) | |
| | ) | |

## COMPLAINT

### JURISDICTION

1. The plaintiff brings this action for injunctive relief and damages under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

3. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act (Exhibit A).  The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

5. Plaintiff, Joshua Stallworth, ("Plaintiff" or "Stallworth") is a resident of Madison County, Alabama, and performed work for the Defendant in the counties composing the Northeastern Division of the Northern District of Alabama during the events of this case.  Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the  Northeastern Division.

6. Defendant Topgolf ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

7. Defendant employed at least 4000 people during the current or preceding calendar year.

8. Topgolf generates 1.51 billion dollars in sales annually.

## FACTS

9. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

10. Plaintiff began his employment with Defendant on or about October 1, 2017, as a Hospitality Manager.

11. Plaintiff is a person of African ancestry, colloquially referred to as Black.

12. All of Stallworth's performance appraisals met or exceeded expectations.

13. At the time of his termination, Stallworth had no recent discipline.

14. On or around August 27, 2020, Plaintiff tested positive for COVID-19 and had to take time off work.

15. Plaintiff's paid time off (PTO) was automatically used to cover the days he was out of work due to COVID-19, per the instructions of his direct report, Kristen Spiegel, Director of Operations.

16. Spiegel had previously allowed Caroline Olson, a white Hospitality Manager, to use unemployment instead of PTO when she took time off due to COVID-19.

17. On or around September 15, 2021, Plaintiff complained to Lori Succi, the Operations Manager, that Spiegel was making him use paid time off for his COVID leave, whereas Caroline Olson (white) was allowed to use unemployment.

18. Succi told Plaintiff to speak with Spiegel, and Spiegel again stated that Plaintiff would only be able to use his paid time off.

19. Plaintiff then contacted the Home Office to find out why he was not able to use unemployment.

20. The Home Office told Plaintiff that he could have used his unemployment to cover his COVID-19 leave, but when Plaintiff sought the benefit, the unemployment office denied it because his application was now outside the time to file a claim.

21. When Plaintiff complained to Succi that he was being treated differently than his white co-worker, Succi told him that she realized that Spiegel was treating him differently.

22. Plaintiff then contacted his District Manager, Natalie Bickel and explained that he felt Spiegel had discriminated against him on the basis of his race.

23. On or about December 21, 2020, Bickel held a meeting with Plaintiff, Spiegel, Succi, and Tyler Richardson, the Department Head.

24. During the meeting, Stallworth reiterated that he felt there was bias.

25. Bickel then told Plaintiff to not dwell on the past, let it go, and move on.

26. In or around early January 2021, Spiegel put in her two weeks' notice.

27. On January 18, 2021, a guest arrived at Defendant's location intoxicated.

28. The Bay Host who served this guest was white.

29. That host, who was being supervised by another hospitality manager, overserved the guest.

30. When Stallworth noticed the guest was intoxicated, he radioed to other team members to make sure that the rest of the party was able to depart safely.

31. The intoxicated guest walked out of Defendant's location.

32. The guest did not drive.

33. There is no rule or policy that requires managers to intervene when guests are not attempting to drive.

34. Moreover, the company encourages its employees to serve guests alcohol liberally, serving alcohol with energy drink mixers[1], pitchers of beer and drinks and extra-large alcoholic beverages it calls "golfbags[2]" in take home mugs.[3]

35. The company advises its customers that "Once in a bay our Bay Hosts are happy to get all the eats and sips you want while you play."[4]

36. In fact, other people who are not black and who have not complained of racial discrimination have allowed customers to be overserved and to leave but have not been fired.

---

[1] Mixing alcohol with energy drinks has been linked to increased intoxication, excessive drinking, and risk taking behavior. https://lcb.wa.gov/education/mix-dangerous-risks-energy-drinks-and-alcohol last accessed December 5, 2021.
[2] https://topgolf.com/assets/uploads/pdf/menus/Topgolf_Huntsville_Menu.pdf?venue=huntsville&v=1638717005 last accessed December 5, 2021.
[3] https://seekingalpha.com/article/2950446-topgolf-is-a-diamond-in-the-rough-for-callaway. Last accessed December 5, 2021.
[4] https://topgolf.com/us/faq/ Last accessed December 5, 2021.

37. That evening, Plaintiff sent an e-mail to management to inform them of what had occurred.

38. On January 21, 2021, Spiegel's last day working for Defendant, she terminated Plaintiff's employment.

39. Any reason given for Plaintiff's termination is pretext for unlawful discrimination on the basis of Plaintiff's race and retaliation for Plaintiff engaging in protected activity.

## COUNT I: TITLE VII - RACE DISCHARGE

40. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

41. Plaintiff is a person of African ancestry, colloquially referred to as Black.

42. Plaintiff was qualified for his position.

43. On or about January 21, 2020, terminated Plaintiff's employment, allegedly for allowing an overserved guest to leave.

44. The company routinely overserves customers and allows them to leave when they are not driving.

45. Employees who are not of African ancestry, have overserved customers and allowed them to leave on foot, but have not been terminated.

46. Plaintiff was treated differently than a similarly situated white employee.

47. Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff was terminated.

48. Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

49. Defendant's actions in terminating Plaintiff's employment violated Title VII.

50. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits, and mental anguish

**COUNT II: 42 U. S. C. § 1981 DISCHARGE**

51. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

52. Plaintiff is a person of African ancestry, colloquially referred to as Black.

53. Plaintiff was qualified for his position.

54. On or about January 21, 2020, terminated Plaintiff's employment, allegedly for allowing an overserved guest to leave.

55. The company routinely overserves customers and allows them to leave when they are not driving.

56. Employees who are not of African ancestry, have overserved customers and allowed them to leave on foot, but have not been terminated.

57. Because of Defendant's discriminatory decision in violation of 42 U.S.C. § 1981, made in whole or in part because of his race, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT III: TITLE VII RETALIATION**

58. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

59. Plaintiff was qualified for his position and able to perform the essential functions of the job.

60. On or about December 21, 2021, Plaintiff engaged in protected activity, when he reported discrimination based on race.

61. On or about January 21, 2020, terminated Plaintiff's employment, allegedly for allowing an overserved guest to leave on foot.

62. The company routinely overserves customers and allows them to leave when they are not driving.

63. Employees who have not complained of racial discrimination, have overserved customers and allowed them to leave, but have not been terminated.

64. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his position as a Hospitality Manager.

65. Defendant violated Title VII by terminating Plaintiff for engaging in protected activity.

66. Because of Defendant's violation of the Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT IV: 42 U. S. C. § 1981 RETALIATION**

67. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

68. Plaintiff was qualified for his position and able to perform the essential functions of the job.

69. On or about December 21, 2020, Plaintiff engaged in protected activity, when he reported discrimination based on race.

70. On or about January 21, 2020, terminated Plaintiff's employment, allegedly for allowing an overserved guest to leave on foot.

71. The company routinely overserves customers and allows them to leave when they are not driving.

72. Employees who have not complained of racial discrimination, have overserved customers and allowed them to leave, but have not been terminated.

73. Plaintiff's protected activity was a motivating factor in Defendant's decision not to retained Plaintiff in his position as a Hospitality Manager.

74. Defendant violated the 42 U. S. C. § 1981 by terminating Plaintiff in whole or in part because he engaged in protected activity.

75. Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

D. Award him back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E. Attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G.	Any different or additional relief as determined by the Court to which Plaintiff is entitled.

_____
Kira Fonteneau (FON007)

**OF COUNSEL:**

Barrett & Farahany
2 North 20th Street, Suite 900
Birmingham, Alabama 35204
T: 205.564.9005 F: 205.564.9006

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**Topgolf USA Huntsville, LLC**

**c/o CT Corporation**

**2 North Jackson St, Suite 506**

**Montgomery, AL 36104**

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DIVISION

**JOSHUA STALLWORTH,**

    **PLAINTIFF,**

**VS.**                           **CV NO.:**

**TOPGOLF,**

    **DEFENDANT.**           **JURY TRIAL DEMANDED**

# EXHIBIT A

EEOC Form 5 (11/09)

REC 6/28/2021 ATH/EEOC

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☐ EEOC | 420-2021-01112 |

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Joshua Stallworth | (b) (7)(C) 1 line redacted | |

| Street Address | City, State and ZIP Code |
|---|---|
| (b) (7)(C) 1 line redacted | Madison, AL |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Topgolf USA Huntsville, LLC | 50 | 256-270-4667 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6100 Topgolf Drive NW | Huntsville, AL 35806 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | 0 | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11/2020   Latest: 1/21/2021
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

1. I am a person of African ancestry, colloquially referred to as Black.
2. I began working for the Respondent on or about October 1, 2017, as a Hospitality Manager.
3. In November 2020, I reported my Director of Operations Kristin Spiegel, a white woman.
4. After testing positive for COVID and while out, Spiegel forced me to use all of my paid time off, while Spiegel allowed another white manager with COVID, use unemployment.
5. I reported this to Laurie Succi, the Operations Manager.
6. Succi told me to speak with Spiegel.
7. Spiegel again told me I would only be able to use my paid time off.
8. I reached out to the Home Office, and they told me I could have used my unemployment, but I was outside the time to file a claim.
9. Succi told me that she saw that Spiegel's bias against me.
10. I reached out to my District Manager, informing her of the situation, and felt Spiegel discriminated against me because of my race.
11. On or about December 21, 2020, District Manager Natalie Bickel came down and held a meeting.
12. Spiegel, Succi, Tyler Richardson, the Department Head, and I were present.
13. Bickel confronted all of my concerns and asked me to state why I felt Spiegel had an issue with me.
14. Bickel told me to not dwell on the past and let it go and move ahead.
15. In January, Spiegel put in her two weeks notice.
16. On January 18, 2021, a guest arrived at the company intoxicated.
17. The Bay Host who served them was white.
18. The intoxicated guest left and walked out and walked across the parking lot to his hotel room.
19. He did not drive.
20. I sent an email that night letting the Respondent know about the situation.
21. The Respondent told me that I should have written the Bay Host up for a more serious violation.

Fonteneau Firm LLC – Lawyers for Working People

22. On January 21, 2021, and Spiegel's last day, she fired me.
23. Spiegel and Bickel said I should have called the police regarding the intoxicated guest.
24. Respondent terminated my employment on or about January 21, 2021.
25. Respondent told me that I didn't handle the situation correctly and I did not pay enough attention to the guest's safety.
26. All of my performance appraisals met expectations.

I believe the Respondent Discriminated against me because of my race, in violation of Title VII and 42 U.S.C. § 1981.

I believe the Respondent retaliated against me because of my protected activity.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY–When necessary for State or Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 06/25/2021          [signature]<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE
_____ DIVISION**

**JOSHUA STALLWORTH,**

    **PLAINTIFF,**

**VS.**                               **CV NO.:**

**TOPGOLF,**

    **DEFENDANT.**               **JURY TRIAL DEMANDED**

# EXHIBIT B

EEOC Form 161 (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | | | |
|---|---|---|---|
| To: | Joshua J. Stallworth<br>(b) (7)(C) 1 line redacted<br>Madison, AL 35757 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2021-01112 | **RICHARD GROOMS,**<br>Federal Investigator | (205) 651-7048 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Ray Grooms, Federal Investigator   Digitally signed by Ray Grooms, Federal Investigator
Date: 2021.09.08 07:45:53 -05'00'

September 08, 2021

Enclosures(s)         for  **BRADLEY A. ANDERSON,**
                             **District Director**          *(Date Issued)*

cc:  **Topgolf Entertainment Group**         **5 Points Law**
     **Becky Fine, Chief People Officer**     **Kira Fonteneau**
     **8750 N. Central Expressway**           **2151 Highland Ave. S.**
     **Ste. 1200**                            **Ste. 205**
     **Dallas, TX 75231**                     **Birmingham, AL 35205**

,

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***